UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. 04CV01720 RWS |
| vs. ) | |
| ) | |
| ADB REMODELING AND DRYWALL ) | |
| CONSTRUCTION, et al., ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT AND ORDER

\_\_\_\_\_This is an action to collect outstanding fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132 and pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §186.

Defendants ADB Remodeling and Drywall Construction and Daniel Borgmann were served with the summons and complaint in the case on December 27, 2004. Neither defendant has appeared or answered the complaint; therefore, both defendants are in default. Plaintiffs now move for judgment.

Plaintiff Painters District Council No. 2 ("Union") is a labor organization. Defendants and plaintiffs are parties to a Promissory Note and Collective Bargaining Agreement. The individual plaintiffs are the Trustees of the Pension, Health and Welfare, Vacation and Apprenticeship and Journeyman Training Funds affiliated with the Union.

The Promissory Note and Collective Bargaining Agreement require the defendants to make 12 monthly payments of eight hundred forty-five dollars seventy-two cents ($845.72) to the Trusts; submit weekly reports on all covered employees in its employ

1

showing the number of hours worked and the gross wages of each employee; contribute on a weekly basis to the Trusts, and remit union dues to the Union. See Exhibit 2, and Exhibit 3 of plaintiffs' Memorandum in Support. The Promissory Note and Collective Bargaining Agreement further require the defendants to pay liquidated damages pursuant to the Collective Bargaining Agreement if payments are made more than seven (7) days after the weekly pay date. See Exhibit 4 to plaintiffs' Memorandum In Support. Finally, the Promissory Note and Collective Bargaining Agreement requires defendants to pay the plaintiffs' reasonable attorneys' fees and costs incurred in an action to collect delinquent contributions and union dues.

Defendants failed to make the last eight payments pursuant to the Promissory Note they entered into with plaintiffs; thus, defendants have an outstanding balance of six thousand seven hundred sixty-five dollars seventy-six cents ($6,765.76) under the Promissory Note. Liquidated damages pursuant to 29 U.S.C. 1132(g)(2)(C)(ii) on the above mentioned amount would equal one thousand three hundred fifty-three dollars fifteen cents ($1353.15). Defendants have also failed to submit the required reports and contributions due pursuant to the Promissory Note and Collective Bargaining Agreement. Plaintiffs have demonstrated that they have incurred reasonable attorneys' fees of $816.22 and costs of $162.01.

**WHEREFORE,** judgment is granted in favor of plaintiffs and against defendants jointly and severally in the amount of $6,765.75 for the outstanding balance due on the Promissary Note; $1,353.15 for liquidated damages due on the outstanding balance pursuant to 29 U.S.C. 1132(g)(2)(C)(ii); $816.22 for reasonable attorneys fees incurred during the collection process; $162.01 for reasonable costs incurred during the collection process and post judgment interest ~~in the amount of $~~ at the prevailing rate ~~per diem (calculated as~~ 

2

(RWS) ~~$9097.13 x ____% • 365 days~~) from the date judgment is entered to the date judgment is paid. Furthermore, defendants are hereby ordered to submit all outstanding reports to plaintiffs.

DATE: June 2, 2005

_____
Judge Sippel
United States District Court Judge

1